119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robin MORGAN, Plaintiff-Appellant,
v.
Dayle SCHMIDT; N. TILMAN; John SILVA, HOXIE; Ashby
TOWING; Paul Deutsch, Defendants-Appellees.
 No. 96-16247.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 18, 1997.
 
 Appeal from the United States District Court for the Eastern District of California; No. CV-S-95-00197-DFL/JFM; David F. Levi, District Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robin Morgan appeals pro se the district court's summary judgment in favor of Ashby Towing and California Highway Patrol Officers Schmidt, Tilman, Silva, Hoxie, and Deutsch ("CHP Officers") in Morgan's civil rights action under 42 U.S.C. § 1983. Morgan claims his constitutional rights were violated when he was stopped for driving with an expired registration tag. On appeal, Morgan contends that the district court erred by (a) granting summary judgment before he completed discovery; (b) denying Morgan's motion for an enlargement of time to respond to the CHP Officers's summary judgment motion; and (c) granting summary judgment in favor of Ashby Towing which did not serve its motion on Morgan. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm in part and remand in part.
 
 A. Discovery
 
 3
 Morgan contends that the district court abused its discretion by granting the CHP Officers's summary judgment motion before Morgan completed discovery. This contention lacks merit.
 
 
 4
 Pursuant to Fed.R.Civ.P. 56(f) a court may order a continuance on a motion for summary judgment to permit discovery by the opposing party of facts necessary to oppose summary judgment. "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986); see Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir.1988) ("Barona Group").
 
 
 5
 Here, Morgan did not file a Rule 56(f) affidavit in support of his request for a continuance to conduct additional discovery. Although Morgan did mention in his motion for enlargement of time to respond to the summary judgment motion that he needed more time "to obtain information to oppose the defendant's motion," Morgan did not make clear the particular facts he expected to obtain from discovery. See Brae, 790 F.2d at 1443; see Barona Group, 840 F.2d at 1400 ("Under Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment.") (citations and quotations omitted). Moreover, "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." Brae, 790 F.2d at 1443; see Barona Group, 840 F.2d at 1400. Because Morgan did not comply with the requirements of Rule 56(f), the district court did not abuse its discretion by granting the CHP Officers's summary judgment motion. See Brae, 790 F.2d at 1443; see Barona Group, 840 F.2d at 1400.
 
 B. Denial of Motion for Enlargement of Time
 
 6
 Morgan contends that the district court abused its discretion by denying his motion for an enlargement of time to respond to the CHP Officers's summary judgment motion. This contention lacks merit.
 
 
 7
 Pursuant to Fed.R.Civ.P. 6(b)(1) the district court, in its discretion, "for cause shown," may enlarge the time for an act prescribed by the Federal Rules of Civil Procedure. See Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir.1996).
 
 
 8
 Here, Morgan moved for an extra 60 days to respond to the summary judgment motion, apparently on the belief that his opposition was due on April 19, 1996. In an order filed on April 23, 1996, the district court explained to Morgan that his opposition was not due until May 3, 1996. The district court denied the request for an extra 60 days because Morgan provided no other reason for altering the status order. Morgan then filed his opposition on May 3, 1996.
 
 
 9
 Because Morgan did not show cause for an enlargement of time, the district court did not abuse its discretion by denying Morgan's motion. Cf. Jenkins, 95 F.3d at 795 (affirming grant of enlargement of time where movant showed cause for inability to meet deadline).
 
 C. Summary Judgment for Ashby Towing
 
 10
 Morgan contends that the district court erred by granting summary judgment in favor of Ashby Towing which did not serve its motion on Morgan.
 
 
 11
 Morgan raised this argument in a Fed.R.Civ.P. 60(b) motion which he filed in district court after the entry of judgment but before he filed his notice of appeal. In an order filed after the notice of appeal, the district court stated that it did not have jurisdiction to consider Morgan's Rule 60(b) motion because the filing of the notice of appeal divested the district court of jurisdiction. See Cel-a-pak v. California Agric. Labor Relations Bd., 680 F.2d 664, 667 (9th Cir.1982). The district court indicated, however, that in light of the potential lack of notice to Morgan of Ashby Towing's motion it was willing to "entertain or grant" Morgan's motion. Accordingly, we remand for the district court to consider this issue. See id.[2] We affirm the grant of summary judgment in favor of the CHP Officers.
 
 
 12
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 13
 Each party will pay its own costs on appeal.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 CHP Officers's contention that we do not have jurisdiction because the notice of appeal was filed 31 days after the entry of judgment lacks merit. See Fed.R.App.P. 26(a) (allowing an extra day to comply with a deadline prescribed by the Fed.R.App.P. when the last day of the prescribed period falls on a weekend or holiday)
 
 
 [2]
 Because Morgan failed to show unusual circumstances or that the district court judge had a personal bias, we reject Morgan's request to remand to a different judge. See California v. Montrose Chem. Corp., 104 F.3d 1507, 1521 (9th Cir.1996)